[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above entitled case claims unpaid commission earned in the sale of certain real estate.
The court upon trial held finds:
1. The plaintiff was a real estate person for the defendant pursuant to the provisions of an Independent Contractor Agreement entered into on December 3, 1986. The plaintiff's affirmation was terminated as of March 30, 1989. See Agreement (Defendant's Exhibit 1).
2. The plaintiff was the predominant producing agent in the sale of realty known as 2255 Boston Turnpike, Coventry, Connecticut.
3. The Broker received $3,625.00 pursuant to the terms of the contract.
4. The plaintiff is entitled to $1,812.50 and the other one-half of her commission was paid to Century 21 with whom the plaintiff worked.
5. The plaintiff received $812.50 from the defendant.
6. The defendant deducted $500.00 for "Administrative and Servicing Fees." See Plaintiff's Exhibit C and $500.00 for "Services Rendered in regard to the sale of 2255 Boston Turnpike, Coventry, Connecticut." See Plaintiff's Exhibit A.
7. The "normal custom" for similar services listed on Plaintiff's Exhibit A is $50.00 for each item. Testimony of Plaintiff.
8. There is no basis for the fee listed in Plaintiff's Exhibit C made by the defendant.
The plaintiff contends the charges made for the services rendered as itemized on Plaintiff's Exhibit A are unreasonable. The court concurs. On April 11, 1989, Mr. Leander went to Coventry to attend (underlined by court) Pest and Home Inspections and to pick up "contract from Century 21, Manor House" for a total of $175.00. This is double charging. The plaintiff has testified the normal custom has been that this is the duty of one associate to do for another in the defendant's operation. The plaintiff also testified that she customarily received $50.00 for each of the services rendered for another associate as listed in Plaintiff's Exhibit A. CT Page 3141
As to the undated memo-letter "For Services Rendered — $500.00 Administrative Servicing Fees" (Plaintiff's Exhibit C), the court is at a loss to find any justification for charging this amount to the plaintiff especially since the defendant has received one-half of the commission, that is $3,625.00. There is nothing in Defendant's Exhibit 1 to charge the plaintiff with the same and no basis for it.
Therefore, the court concludes upon careful consideration of all the testimony and exhibits that the sum of fifty ($50.00) dollars as payment for the services as itemized on Plaintiff's Exhibit A is fair and reasonable. Thus, there is due and owing the plaintiff the sum of two hundred ($200.00) dollars.
And further, the court concludes, the defendant having received one-half of the real estate commission of $3,625.00 and there being no basis for payment of Plaintiff's Exhibit C in said Agreement, . . . thus there is due and owing to the plaintiff the sum of five hundred ($500.00) dollars.
Accordingly, judgment may enter in favor of the plaintiff to recover of the defendant the sum of seven hundred ($700.00) dollars, plus costs.
JOSEPH F. MORELLI STATE TRIAL REFEREE